CIRCUIT COURTS. 509

State ex rel. Monen v. Killits et al.

## COUNTY CLERK—MANDAMUS.

1 Dec.
561

STATE OF OHIO EX·REL. MONEN v. JOHN M. KILLITS ET AL.

[Williams Circuit Court, November Term, 1893.]

Haynes, Bentley and Scribner, JJ.

COUNTY CLERK HOLDS OFFICE UNTIL SUCCESSOR IS ELECTED.

Under the constitution and laws of Ohio, the term of office of the clerk of court of common pleas continues until his successor is elected and qualified, and this is so even if the time for his successor to qualify and take his office has been extended, as under the act amending sec. 1240, Rev. Stat., passed March 2, 1893.

HAYNES, J.

Application has been made to this court for an alternative writ of mandamus.

Briefly the relator now sets forth that he is now the clerk of the court of common pleas of the county of Williams, in the state of Ohio; that he was elected in 1890, under the laws in force at that time; that owing to the fact that by an enactment of a law by the legislature last winter, the date of the commencement of the term of office of the incoming clerk, elected in this county to be his successor will be in August next, and not to commence earlier than that, he avers that he is entitled to hold his office until the incoming clerk, his successor, is duly qualified; that some question having arisen, as to whether he ought to give a new bond or not for the period of time between the 9th day of February next and the time in August when his successor will take his office, he has prepared a bond in due form of law, a copy of which he attaches to his petition, which bond he has presented to Killits, the prosecuting attorney of Williams county, for his approval, and to the commissioners for their acceptance. He sets forth further that they decline either to approve said bond, or accept it, for the reason as they aver, that his term of office expires upon the 9th day of February next.

It is claimed on behalf of the defendants that the question as to whether he would hold over or not does not properly arise in this case; but we are clearly of the opinion that the question arises at the very threshold of the case, and is the first question that presents itself for decision, for plainly, if he is not entitled to the office after the 9th of February, then whether he puts in a new bond or not is immaterial. He has no right to the writ unless it appears that he is entitled to the office. We have examined that question of his right to hold over, and have no doubt as to the conclusion to be arrived at from a consideration of the constitution of the state and the laws under it. The constitution of the state, article 4, section 18, provides:

"There shall be elected in each county, by the electors thereof, one clerk of the court of common pleas, who shall hold his office for the term of three years, and until his successor shall be elected and qualified."

And the further provision that:

"He shall, by virtue of his office, be clerk of all other courts of record held therein." (That is, in the county.)

The statute, section 1240, provides that:

"There shall be elected triennially, in each county, a clerk of the court of common pleas, who shall hold his office three years, beginning on the ninth day of February next after his election."

There is another section that has a bearing on the question—section 8 of the Revised Statutes:

"Any person holding an office or public trust shall continue therein, until his successor is elected or appointed and qualified, unless it is otherwise provided in the constitution or laws."

Section 8 is a general law, and passed at an early day under the constitution, and we think, for the express purpose, as far as the constitution will permit, of

continuing and extending the term of office of any officer of the state, until such time as his successor shall be elected and qualified, so that there shall be no vacancy in the office. Section 1240 must be read and construed with section 8, as each were undoubtedly passed by the legislature with relation to the other. The constitution provides that the clerk "shall hold his office for the term of three years, and until his successor shall be elected and qualified." The statutes provide, when properly construed together, that the term shall continue until the successor is elected and qualified, unless some provision of the constitution prevent; but the constitution does not in this case prevent, but say his term shall continue.

Now, light may be thrown upon this question by an examination of one or two decisions of the Supreme Court of the state. In the 44th O. S., page 589, may be found the case of State ex rel. v. Brewster. Now, that is a case which was the converse of this. It is a case that arose under the statute in relation to county auditors, and the question raised was whether an auditor should hold over until his successor qualified by virtue of the statute, section 8, and under the constitution in regard to county officers, which is section 2, article 10, of the constitution, which provides that "county officers shall be elected on the first Tuesday after the first Monday in November, by the electors in each county, in such manner and for such term, not exceeding three years, as may be provided by law."

In that case the court say: "The assumption of counsel that there is no power in the general assembly to extend the term of an office which is limited by the constitution, is abundantly warranted by the case of The State v. Howe, 25 O. S., 588, where it is said by McIlvaine, C. J.: 'After a careful examination of the question in the light of both principle and authority, we are lead to the conclusion that the general assembly may provide against the occurrence of vacancies by authorizing incumbents to hold over their terms in cases where the duration of their tenures is not fixed and limited by the constitution.' Also, 'in cases where the duration of the tenure in office is limited by the constitution, of course its duration cannot be extended by statute.'"

The duration of the term of auditor being limited by article 10, section 2, of the constitution, the court held his term of office ended at the expiration of three years.

But in the case of the clerk of common pleas, to save any question, the constitution provides that the clerk shall be elected for three years, and until his successor shall be elected and qualified.

And it is held in the 25th O. S., 588 *supra*, above cited, that the holding over is a continuance of the original term of office. Now this is the whole of the case in a nutshell, and we think that most clearly the term of office of the present clerk continues until his successor qualifies and enters upon the duties of the office in August next.

A more difficult question, and one that has occupied our attention, is the question as to whether the clerk ought to give a new bond. The suggestion is made that inasmuch as the statute at the time the clerk was elected, at the time he gave his bond, and at the time his sureties signed that bond and entered into their obligation on behalf of the clerk, provided that his successor should take his office on the 9th day of February following his election, that there is a question as to whether or not the sureties on the bond of the clerk, given for the period of three years and until his successor is qualified, under the statutes as they then existed, would be binding upon the sureties for the period from February next, until August, when his present successor is to take his office. For myself I have pretty distinct views upon that question. But it is a very important question, and one that we have not ourselves been able to give our full attention to; and inasmuch as it is a question of doubt, and this is a matter that affects the public, the public welfare, and those who do business with the courts in the clerk's office, it has seemed to us the safer and more prudent course will be for the clerk

to give a new bond. Then upon his doing so, it will be proper for the prosecuting attorney to approve, and for the commissioners to accept it, if it is in proper form.

We do not understand that there is any serious objection to the bond the clerk has offered, or to the sufficiency of the signers thereof. However, we will listen to counsel for the defendants in regard to that, and whether he wishes to answer if an alternative writ issues.

Thereupon counsel for defendants having stated in open court that no objection was made either to the form or amount of the bond, or the sufficiency of the sureties therein, a peremptory mandamus was awarded commanding the prosecuting attorney to approve and the commissioners to accept the bond of the clerk as tendered.

*Thomas Emery*, for the relator.

*J. M. Killits*, for defendants.